IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN PENA and KAREN I. GALDAMEZ LINARES,<br><br>    Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§  Case No. 3:20-cv-02830-K-BT<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is PHH Mortgage Corporation's (PHH's) Motion for Summary Judgement (ECF No. 12). For the following reasons, the District Court should GRANT the Motion and dismiss all Plaintiffs' claims with prejudice.

## Background

On August 27, 2018, Plaintiffs Juan Pena and Karen I. Galdamez Linares obtained an FHA loan (the "Loan"), secured by their home in Desoto, Texas (the "Property"). *See* State Ct. File 9 ¶ 5 (ECF No. 1-1) (Pls.' Orig. Pet.); *see also* Def.'s App. 17-20 (ECF No. 14) (Note). Everett Financial, Inc., the Loan's original owner, then assigned the Loan to PHH in April 2019, after which PHH also became the Loan's servicer. Def.'s App. 37-44 (Assignment).

After securing the loan, Plaintiffs allegedly began "extensive renovations of the property which necessitated them temporarily moving out." State Ct. File 9 ¶ 7. By March 2019, "PHH received notification from the insurance company that

1

was insuring the [P]roperty that it would no longer insure the property because it was vacant." Def.'s App. 7 ¶ 8 (Decl.). PHH then sent a letter to Plaintiffs requesting confirmation that the property was occupied and not vacant. *Id.* at 45-52. Plaintiffs failed to respond, and PHH learned from the United States Postal Service that Plaintiffs' mailing address had been changed. *Id.* at 7 ¶ 9.

Ultimately, PHH sent a Notice of Default to Plaintiffs at the Property address, as well as their updated address, on February 18, 2020. *Id.* at ¶ 10; *see also id.* at 55-79. This Notice stated (1) that the Loan was in default; (2) a payment was necessary to cure the default; (3) that the default had to be cured within 35 days; and (4) that a failure to cure the default by March 24, 2020 would result in acceleration of the Loan and sale of the Property. *Id.* at 55-79. In June 2020, Plaintiffs requested a copy of their payment history, which PHH could not produce because of a system malfunction. State Ct. File 10 ¶ 9. After Plaintiffs failed to cure the default, PHH sent a Notice of Acceleration and Sale to Plaintiffs at the Property address, as well as their updated address, on July 8, 2020. Def.'s App. 82 ¶ 4; *see also id.* 84-114. By August, Plaintiffs had heard from "investors" that their home was scheduled for foreclosure. State Ct. File 10 ¶ 10. Plaintiffs then filed this lawsuit in a Dallas County court on August 31. State Ct. File 8.

PHH submitted an Answer and removed the case to this Court on September 11. Not. 1 (ECF No. 1). The Court held a Rule 16 conference, attended by attorneys for all parties, on October 14. Min. Entry (ECF No. 7). On August 16, 2021, the deadline established by the Court's Scheduling Order, PHH filed the Motion for

Summary Judgment that is now before the Court. Def.'s Mot. 1. In the five months since, Plaintiffs have failed to respond to PHH's Motion in any way. This district's local rules require responses to be filed within 21 days, so the Motion is ripe and ready for determination. N.D. Tex. Civ. R. 7.1(e).

## Legal Standard and Analysis

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)).

The party opposing the summary-judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D.

3

Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary-judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

I. <u>The Court should grant summary judgment to PHH because Plaintiffs have abandoned their claims.</u>

Plaintiffs did not respond to PHH's Motion. It is well established in this Circuit that "[w]hen a plaintiff fails to defend a claim in response to . . . a summary judgment motion, the claim is deemed abandoned." *See Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2-3 (N.D. Tex. July 2, 2019) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)) (determining that the plaintiff abandoned his claim by failing to respond to the defendant's Supplement to Motion for Summary Judgment); *see also Cantu v. Freedom Morg. Corp.*, 2021 WL 356840, at *2 (N.D. Tex. Jan. 4, 2021) (Rutherford, J.), *rec. adopted*, 2021 WL 351409 (N.D. Tex. Feb. 2, 2021).

While such a failure does not permit the court to enter a "default" summary judgment, a court is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th

4

Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, even though Plaintiffs attached sworn statements to their pleading, they have presented no summary-judgment evidence sufficient to raise a genuine dispute of material fact in response to a motion for summary judgment.

Because Plaintiffs have offered no evidence raising a material fact issue as to any element of any of their claims—indeed, they have not responded or offered any evidence at all outside of the sworn statements attached to their pleading—the Court finds that Plaintiffs have abandoned their claims and that PHH is entitled to summary judgment. *See Catlett v. Duncanville Indep. Sch. Dist.*, 2010 WL 3467325, at *12 (N.D. Tex. Sept. 2, 2010) (Kinkeade, J.) (citing *Black,* 461 F.3d at 588 n.1 (finding a claim abandoned when plaintiff failed to defend it in response to motion to dismiss); *Scales v. Slater,* 181 F.3d 703, 708 n.5 (5th Cir. 1999) (finding plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim); *Thompson v. Exxon Mobil Corp.,* 344 F. Supp. 2d 971, 977 (E.D. Tex. 2004) ("Plaintiff has made no response to the Individual Defendants' request for summary judgment on this claim against them, and has presented no evidence raising a material fact issue as to this claim. Accordingly, this claim is deemed abandoned, and the Court will enter summary judgment for

Defendants.")). *See also Celotex Corp.*, 477 U.S. at 323 ("The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."). Accordingly, the District Court should grant PHH's Motion for Summary Judgment and dismiss all Plaintiffs' claims with prejudice.

> II. Alternatively, the Court should grant PHH's Motion because all Plaintiffs' claims either fail as a matter of law or present no factual issue.

Plaintiffs characterize their first cause of action as follows: "Temporary Restraining Order and Injunctive Relief under Texas Civil Practice and Remedies Code, Chapter 65." State Ct. File 10. Under Texas law, injunctive relief is an equitable remedy, not a cause of action. *See Guerra v. Wells Fargo Bank, N.A.*, 2014 WL 12586772, at *2 (W.D. Tex. Jan. 7, 2014) (citing *Puente v. CitiMortgage, Inc.*, 2012 WL 4335997, at *7 (N.D. Tex. Aug. 29, 2012)); *see also Johnson v. Wells Fargo Bank, N.A.*, 2016 WL 6462291, at *2 (W.D. Tex. Nov. 1, 2016) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)).

When a claim for injunctive relief is not supported by a viable cause of action, summary judgment is proper on the claim for injunctive relief. *Guerra*, 2014 WL 12586772, at *2; *Olaoye v. Wells Fargo Bank, N.A.*, 2012 WL 1082307, at *5 n.5 (N.D. Tex. Apr. 2, 2012). In this case, all Plaintiffs' claims either fail as a matter of law or else fail to present a fact question relating to an essential element. The Court considers each of the Plaintiffs' claims in detail below.

> a. *Plaintiffs cannot bring a claim under the CARES Act because it provides no private right of action, and Plaintiffs fail to demonstrate a fact issue as to whether they are eligible for CARES Act protection.*

Plaintiffs first assert a claim based on an August 27, 2020, U.S. Department of Housing and Urban Development (HUD) Mortgagee Letter that extended a foreclosure and eviction moratorium under the federal CARES Act for FHA-insured single-family loans to December 31, 2020. State Ct. File 31-33. Citing the Property's deed of trust, Plaintiffs claim that their loan, as an FHA loan, falls under this foreclosure moratorium. *Id.* ¶ 17 (citing *id.* at 18-30). PHH argues that this claim fails because the CARES Act does not create a private right of action, and that Plaintiffs are otherwise ineligible for CARES Act protection. Def.'s Mot. 6.

PHH is correct—the CARES Act's foreclosure moratorium does not create a private right of action—every district court to consider this question has held as much. *See, e.g.*, *Daniel T.A. Cotts PLLC v. Am. Bank, N.A.*, 2021 WL 2196636, at *5 (S.D. Tex. Feb. 9, 2021); *Shehan v. United States Dept. of Justice*, 2020 WL 7711635, at *11 (S.D. Ohio Dec. 29, 2020) (noting the absence of any decision "finding that the CARES Act creates any implied private right of action"); *Radix Law PLC v. JPMorgan Chase Bank N.A.*, 508 F. Supp. 3d 515, 520 (D. Ariz. 2020) (finding "no private right of action to enforce the CARES Act"); *Am. Video Duplicating, Inc. v. City Nat'l Bank*, 2020 WL 6882735, at *5 (C.D. Cal. Nov. 20, 2020) ("Unsurprisingly, every court to address whether the CARES Act created an implied private right of action has held that it does not."). Because the CARES Act provides no private right of action, Plaintiffs' claim fails as a matter of law.

7

Moreover, even if the CARES Act did provide a private cause of action, Plaintiffs, by their own admission, are ineligible for its protection. The CARES Act specifically excepts "vacant or abandoned property" from the foreclosure moratorium. 15 U.S.C. § 9056(c)(2). And Plaintiffs admit that they were not living in the Property. State Ct. File 9 ¶ 7. Plaintiffs thus fail to present a fact question as to whether they qualify for the CARES Act foreclosure moratorium.

   b. *Plaintiffs' claim against PHH for violation of the Texas Property Code fails as a matter of law and presents no factual issue.*

Plaintiffs next allege that PHH violated Section 51.002 of the Texas Property Code by failing to send Plaintiffs a "20[-]day notice to cure letter and . . . [a] subsequent notice of acceleration." State Ct. File 13 ¶ 23. The only evidence Plaintiffs provide for this allegation is sworn statements attached to their Petition stating that they "never *received* any notice of an opportunity to cure the default." State Ct. File 16-17 (emphasis added). PHH argues that this claim fails because Section 51.002 does not create a private right of action, and because PHH complied with Section 51.002 in any case. Def.'s Mot. 7.

As an initial matter, PHH is correct that Plaintiffs' claim fails because Section 51.002 does not authorize a private cause of action, other than for wrongful foreclosure. *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 & n.2 (5th Cir. 2015) ("Although the Texas Supreme Court has not decided this issue, the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action."). Because Plaintiffs' claim is not

8

for wrongful foreclosure, it fails as a matter of law. However, even if Section 51.002 does provide a private cause of action, Plaintiffs' claim still fails.

Section 51.002(d) requires a mortgage servicer to give a debtor 20-days' "notice to cure a default before notice of sale can be given." Tex. Prop. Code § 51.002(d). In addition, service of such a notice "is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* § 51.002(e). Moreover, "[i]n interpreting Section 51.002(e), Texas courts have . . . held there to be no genuine dispute as to the sending of notices required under Section 51.002 when the sole contravening evidence is the homeowner's affidavit asserting non-receipt." *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534–35 (5th Cir. 2016) (citing *Adebo v. Litton Loan Servicing, L.P.*, 2008 WL 2209703, at *4 (Tex. App.-Houston [1st Dist.] May 29, 2008, no pet.)).

This case presents the exact situation contemplated in *LSR Consulting*. Here, PHH provided more evidence of service than is required under the statute— an affidavit and copies of the notice's return receipt. See Def.'s App. 5-8, 55-79. Plaintiffs, meanwhile, provided only self-serving affidavits asserting that they never *received* notice. Plaintiffs thus fail to present a fact issue as to whether PHH sent notice of Plaintiffs' ability to cure. *See LSR Consulting*, 835 F.3d at 534-35.

Plaintiffs also claim that PHH violated Section 51.002 by failing to send them a "subsequent notice of acceleration," But Section 51.002 does not require

9

such notice. Plaintiffs therefore fail to properly state any claim under Section 51.002 for PHH's alleged failure to send them a notice of acceleration.

Moreover, Texas courts have held that "[e]ffective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Rivera v. Baptist Found. of Tex.*, 2020 WL 103854, at *2 (Tex. App.-Corpus Christi Jan. 9, 2020, no pet.) (citing *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)). Here, PHH adduced competent summary-judgment evidence that it fulfilled both requirements. First, PHH sent a notice to Plaintiffs stating that "[f]ailure to cure the default by 03/24/2020 will result in acceleration." Def.'s App. 58. Subsequently, PHH also sent Plaintiffs a "Notice of Acceleration of Maturity." *Id.* at 88. Plaintiffs present no evidence, other than their self-serving statements asserting non-receipt, that PHH failed to send these documents, while PHH provides the documents themselves and their receipts. *Id.* at 56, 95. Plaintiffs thus fail to present a fact issue as to whether PHH properly accelerated the Loan.

   c. *Plaintiffs' breach of contract claim presents no factual issue.*

Plaintiffs final claim is for breach of contract. Specifically, Plaintiffs allege that PHH breached the Loan's deed of trust by failing to send Plaintiffs a 30-day-notice-to-cure letter. State Ct. File 13 ¶ 24 (citing *id.* at 18-30). PHH argues that Plaintiffs present no fact question as to whether PHH complied with the Loan's deed of trust. Def.'s Mot. 8-9.

As with Plaintiffs' claim under the Texas Property Code, Plaintiffs' only evidence for this claim is a pair of self-serving affidavits asserting that Plaintiffs

never received notice. State Ct. File 16-17. PHH, meanwhile, supplies the notice-to-cure letter it sent Plaintiffs, along with a receipt showing it was sent 35 days before Plaintiffs' deadline to cure. Def.'s App. 55-79. Plaintiffs thus fail to present any fact issue as to whether PHH sent the notice and thereby complied with the Loan's deed of trust. Accordingly, Plaintiffs claim for breach of contract fails.

## RECOMMENDATION

For the reasons stated, the District Court should GRANT PHH's Motion for Summary Judgment (ECF No. 12) and DISMISS all Plaintiffs' claims with prejudice.

**SO RECOMMENDED.**

January 24, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).